[No. 8882.   Department One.   December 23, 1910.]

JAMES LYON, *Respondent*, v. O. M. SPARKS *et al.*,
*Appellants.*[1]

CONTRACTS — BOARD AND SERVICES — VALUE — QUESTION FOR JURY. The reasonable value of services and board furnished at a boarding school is for the jury, where there was evidence supporting the defense that the food was insufficient in quantity and some of it unfit to be eaten; and it is error for the court to direct judgment for the plaintiff.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered October 14, 1909, in favor of the plaintiff, upon withdrawing the case from the consideration of the jury at the close of the evidence, in an action on contract. Reversed.

[1]Reported in 112 Pac. 340.

*Gleeson & Morton,* for appellants.

*E. L. Edmiston,* for respondent.

PER CURIAM.—Respondent brought this action to recover for the value of services rendered at the instance of the appellants, O. M. Sparks and wife. The cause was tried to a jury. At the close of defendants' evidence, the court directed a judgment in favor of the plaintiff for the amount prayed for in the complaint. The defendants appeal.

It appears that Professor Saylor and wife were conducting a boarding school for boys in Spokane. A statement in the form of a catalogue had been issued, which contained the terms upon which boys would be cared for, as follows:

"Board, tuition and personal care, $400 for the school year; payable one-half at the entrance and one-half January 20. A reduction of $30 to parents paying the whole school year in advance. Also reduction of ten per cent for brothers. Bills not promptly paid subject to sight draft. No reduction for premature withdrawal. Washing fifty cents per dozen. A deposit is required to keep up incidentals. An itemized account will be rendered."

Two boys of the appellants entered the school about the first of September, 1908. They remained until the following December, when one of the boys was discharged and the other was taken away from school. The appellants did not make the payment in advance. They made no deposit for incidental expenses. Professor Saylor advanced to the boys while they were in his care $39.78, for laundry and incidental expenses. After the boys were taken away, the appellants neglected and refused to pay for the time the boys were in school, or to reimburse Professor Saylor for the money he had advanced. The claim was assigned to the plaintiff, who brought the action to recover for the value of the services, alleged to be $288.85, and the money advanced, making a total of $327.63.

The answer of the defendants admitted that the boys were in the school for the time alleged, but denied that defendants

were indebted upon the claim; and as an affirmative defense alleged that the food furnished to the boys was impure, unwholesome and unfit to be eaten, and that the defendants had been damaged in the sum of $1,000 thereby. This affirmative defense was denied. Upon the trial of the cause, Professor Saylor testified to the facts substantially as alleged in the complaint. The only defense offered by the appellants was evidence to the effect that the food furnished to the boys was insufficient in quantity, and that some of it was unfit to be eaten. After this testimony was introduced, the respondent moved the court to discharge the jury and render judgment for the plaintiff. This motion was sustained, and the court entered a judgment for the plaintiff for the full amount claimed.

We have no doubt that the respondent was entitled to a judgment for the reasonable value of the services rendered to the boys, but the jury should have passed upon that question under the facts testified to. If the food furnished to the boys was in fact insufficient and unwholesome, the services were no doubt worth less than if the food was wholesome and abundant. The court was not justified, we think, in taking this question away from the jury.

The judgment is therefore reversed, and the cause remanded for a new trial.